IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TOMMY MAY,

        Petitioner,

     v.                          CASE NO.  09-3281-SAC

STATE OF KANSAS,
et al.,

        Respondents.

**O R D E R**

This petition for writ of habeas corpus was filed pursuant to
28 U.S.C. § 2254 by an inmate of the El Dorado Correctional
Facility, El Dorado, Kansas.  Petitioner has also filed a Motion to
Proceed in forma pauperis.  Although he has not provided the
certified statement of his inmate account for the six preceding
months as required by statute, he does provide a statement of his
inmate account balance indicating this motion should be granted.

Petitioner was convicted by a jury in the District Court of
Sedgwick County, Wichita, Kansas, of two counts of aggravated
robbery.  On September 21, 1984, he was sentenced to terms totaling
of 25 years to life in prison.  Mr. May directly appealed to the
Kansas Court of Appeals, which affirmed the convictions and
sentence, according to Mr. May, on August 20, 1986.  He did not seek
review by the Kansas Supreme Court.

In case No. 91-CV-1857, filed in the Sedgwick County District
Court, Mr. May sought relief by way of a petition pursuant to K.S.A.
60-1507, which was denied.  He filed a second 60-1507 petition in
case No. 92-CV-1857, which was also denied.  He appealed the latter
denial to the Kansas Court of Appeals, which affirmed on August 11,
1995 (Appellate Court Case No. 72475).  Neither of these actions was

appealed to the Kansas Supreme Court.

Petitioner filed a third post-conviction action, a motion to correct or vacate illegal sentence, on December 21, 2006, which was denied on January 12, 2007.  He alleges that he appealed the denial in this case to the highest state court, and that the Kansas Supreme Court decided the matter on February 2, 2009[1].

As ground 1 for his petition, Mr. May cites Kansas statutes and claims his sentence was illegal because the court, without providing a reason, imposed "the maximum consecutive sentences" even though he had no prior convictions.  He acknowledges that he did not raise this issue on direct appeal, but claims that both trial counsel and appellate counsel "failed to preserve issues both at sentencing and during the appeal."  It is not clearly indicated, but he may have raised this claim in his first 1507 action; however, as noted, he filed no appeals in that case.  He may also have raised it in his motion to correct illegal sentence, which was appealed.

As ground 2, petitioner claims he was denied his right to appeal his sentence due to ineffective assistance of trial and appellate counsel.  He alleges he did not raise this claim on direct appeal because trial counsel failed to object at sentencing and preserve the issue for direct review, and appellate counsel abandoned the issue on appeal.  He also alleges he did not raise this claim in his post-conviction actions.

As ground 3, petitioner claims the trial court failed to afford him "full and complete allocution to present evidence that would

---

[1]     Petitioner cites Case No. 98,708 as the docket number for this appeal. On-line records for the Kansas Appellate Courts indicate the Kansas Supreme Court affirmed therein on January 30, 2009.

mitigate punishment." He alleges he did not raise this issue on direct appeal because "such issues aren't cognizable on direct." He alleges he raised this issue in his motion to correct illegal sentence.

As ground 4, petitioner claims ineffective assistance of trial counsel for failing to object at sentencing and appellate counsel for abandoning "the statutory issues of sentencing." He alleges "such issues aren't raised on direct" and that he raised them in his motion to correct illegal sentence.

Petitioner states that all grounds raised in the Petition have been presented to the highest state court. In response to the question on his form Petition regarding timeliness, Mr. May refers to his motion to correct illegal sentence filed in 2006, and affirmed by the Kansas Supreme Court on January 30, 2009. He argues that the decision in his case denied him equal protection of the law.

**STATUTE OF LIMITATIONS**

The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

Id. A statutory exception exists in that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

3

pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2). Based on the following tentative facts, the court finds it appears from the face of this Petition that it was not filed within the applicable one-year time period, and should therefore be dismissed as time-barred.

The court tentatively finds that petitioner was sentenced on September 21, 1984. His direct appeal to the KCOA was decided on August 20, 1986. He did not appeal to the Kansas Supreme Court. It follows that his convictions and sentences became "final" as that term is used in § 2244(d) in August, 1986. The statute of limitations for federal habeas petitions did not become effective until April 24, 1996. It is well-settled that for a state prisoner who was sentenced prior to that effective date, the statute of limitations for filing his or her federal Petition did not begin to run until April 24, 1996. Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998). Thus, the one-year statute of limitations in which Mr. May was required to file his federal habeas corpus petition challenging his 1984 convictions and sentence began on April 24, 1996. Unless the limitations period in this case was tolled in some manner, it expired one year later on April 24, 1997.

From petitioner's allegations, it appears that he filed no tolling-type motion during the year the limitations period was running. His two state post-conviction motions filed prior to 1996 had no tolling effect because they were completed prior to the beginning of the limitation period. His state motion to correct illegal sentence had no tolling effect, because it was filed in 2006, years after the limitation period had already expired.

If petitioner is not entitled to additional statutory tolling,

he must allege facts demonstrating his entitlement to equitable tolling. Equitable tolling of the limitation period is allowed when "an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001). Petitioner will be given time to allege facts showing he is entitled to equitable tolling[2].

Petitioner claims he failed to timely exhaust some of his claims due to ineffective assistance of trial and appellate counsel. However, his claims of ineffective assistance of counsel, like the rest of his claims, are subject to the statute of limitations. It appears they are likewise time-barred.

Petitioner is given the opportunity to show that this Petition should not be dismissed as time-barred. If he does not present facts within the time provided indicating that the statute of limitations in this case was tolled, either by additional statutory or equitable tolling, then this action will be dismissed as time-

---

[2]    Equitable tolling is warranted only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808(10th Cir. 2000), *quoting* Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999); Felder v. Johnson, 204 F.3d 168, 170-71 (5th Cir.), cert. denied, 531 U.S. 1035 (2000). To qualify for such tolling, petitioner must demonstrate that extraordinary circumstances beyond his control prevented him from filing his federal petition on time, and that he diligently pursued his claims throughout the period he seeks to toll. Miller, 141 F.3d at 978; Marsh, 223 F.3d at 1220. The Tenth Circuit has stated that equitable tolling is appropriate, for example, where a prisoner is actually innocent; when an adversary's conduct or other uncontrollable circumstances prevent a prisoner from timely filing; or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003).
    Complaints about unfamiliarity with the legal process and illiteracy have been found to provide no basis for equitable tolling. See Scott v. Johnson, 227 F.3d 260, 263 FN3 (5th Cir. 2000), cert. denied, 532 U.S. 963 (2001). Moreover, ignorance of the law generally and of the AEDPA time limit in particular will not excuse untimely filing, even for an incarcerated pro se prisoner. Marsh, 223 F.3d at 1220; Miller, 141 F.3d at 978; Gibson, 232 F.3d at 808.

barred.

**IT IS THEREFORE ORDERED** that petitioner is granted thirty (30) days in which to show cause why this action should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that petitioner's Application to Proceed in forma pauperis (Doc. 2) is granted.

**IT IS SO ORDERED**.

Dated this 14th day of January, 2010, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge